**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN THE INTEREST OF: T.L.M. JR., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| APPEAL OF: T.T.S. A/K/A T.S., MOTHER | : | No. 1027 EDA 2017 |

Appeal from the Order February 23, 2017
In the Court of Common Pleas of Philadelphia County
Family Court at No(s):  CP-51-AP-0000712-2015,
CP-51-DP-0002477-2013

BEFORE:  GANTMAN, P.J., PANELLA, J., and DUBOW, J.

MEMORANDUM BY GANTMAN, P.J.:                **FILED NOVEMBER 21, 2017**

Appellant, T.T.S. a/k/a T.S. ("Mother"), appeals from the order entered in the Philadelphia County Court of Common Pleas, Family Court, which granted the petition of the Department of Human Services ("DHS") for involuntary termination of Mother's parental rights to her minor child, T.L.M., Jr. ("Child") (born September 2006), and changed the goal to adoption.[1]  We affirm.

In its opinion, the Family Court fully and correctly set forth the relevant facts and procedural history of this case.  Therefore, we have no

_____

[1] On June 16, 2016, the Family Court granted DHS' petition for involuntary termination of Mother's parental rights to two of Child's siblings.  This Court affirmed that decision on December 23, 2016.  ***See Interest of Y.J.M.***, 159 A.3d 1014 (Pa.Super. 2016).

J-A28044-17

reason to restate them.[2]

Mother raises two issues for our review:

> WHETHER THE [FAMILY] COURT COMMITTED REVERSIBLE
> ERROR WHEN IT INVOLUNTARILY TERMINATED MOTHER'S
> PARENTAL RIGHTS WHERE SUCH DETERMINATION WAS
> NOT SUPPORTED BY CLEAR AND CONVINCING EVIDENCE
> UNDER THE ADOPTION ACT 23 PA.C.S.A. § 2511(A)(1),
> (A)(2), (A)(5), AND (A)(8).
>
> WHETHER THE [FAMILY] COURT COMMITTED REVERSIBLE
> ERROR WHEN IT INVOLUNTARILY TERMINATED MOTHER'S
> PARENTAL RIGHTS WITHOUT GIVING PRIMARY
> CONSIDERATION TO THE EFFECT THAT THE TERMINATION
> WOULD HAVE ON THE DEVELOPMENTAL[,] PHYSICAL[,]
> AND EMOTIONAL NEEDS OF CHILD AS REQUIRED BY THE
> ADOPTION ACT 23 PA.C.S.A. § 2511(B)?

(Mother's Brief at 4).

The standard and scope of review applicable in termination of parental

rights cases are as follows:

> When reviewing an appeal from a decree terminating
> parental rights, we are limited to determining whether the
> decision of the trial court is supported by competent
> evidence.  Absent an abuse of discretion, an error of law,
> or insufficient evidentiary support for the trial court's
> decision, the decree must stand.  Where a trial court has
> granted a petition to involuntarily terminate parental
> rights, this Court must accord the hearing judge's decision
> the same deference that it would give to a jury verdict.
> We must employ a broad, comprehensive review of the

---

[2] The Family Court inadvertently labeled Mother's initials as "F.R."  We have corrected the copy of the court's opinion attached to this disposition. Additionally, DHS filed a petition for involuntary termination of Mother's parental rights on October 2, 2015.  Following termination of her parental rights, Mother timely filed a notice of appeal and Pa.R.A.P. 1925(a)(2)(i) concise statement on March 24, 2017.

record in order to determine whether the trial court's decision is supported by competent evidence.

Furthermore, we note that the trial court, as the finder of fact, is the sole determiner of the credibility of witnesses and all conflicts in testimony are to be resolved by [the] finder of fact. The burden of proof is on the party seeking termination to establish by clear and convincing evidence the existence of grounds for doing so.

The standard of clear and convincing evidence means testimony that is so clear, direct, weighty, and convincing as to enable the trier of fact to come to a clear conviction, without hesitation, of the truth of the precise facts in issue. We may uphold a termination decision if any proper basis exists for the result reached. If the trial court's findings are supported by competent evidence, we must affirm the court's decision, even though the record could support an opposite result.

*In re Adoption of K.J.*, 936 A.2d 1128, 1131-32 (Pa.Super. 2007), *appeal denied*, 597 Pa. 718, 951 A.2d 1165 (2008) (internal citations omitted).

The court granted DHS' petition for involuntary termination of Mother's parental rights on the following grounds:

**§ 2511. Grounds for involuntary termination**

**(a) General Rule.**—The rights of a parent in regard to a child may be terminated after a petition filed on any of the following grounds:

(1) The parent by conduct continuing for a period of at least six months immediately preceding the filing of the petition either has evidenced a settled purpose of relinquishing parental claim to a child or has refused or failed to perform parental duties.

(2) The repeated and continued incapacity, abuse, neglect or refusal of the parent has caused the child to be without essential parental care, control or subsistence necessary for his physical or mental

- 3 -

well-being and the conditions and causes of the incapacity, abuse, neglect or refusal cannot or will not be remedied by the parent.

\* \* \*

(5) The child has been removed from the care of the parent by the court or under a voluntary agreement with an agency for a period of at least six months, the conditions which led to the removal or placement of the child continue to exist, the parent cannot or will not remedy those conditions within a reasonable period of time, the services or assistance reasonably available to the parent are not likely to remedy the conditions which led to the removal or placement of the child within a reasonable period of time and termination of the parental rights would best serve the needs and welfare of the child.

\* \* \*

(8) The child has been removed from the care of the parent by the court or under a voluntary agreement with an agency, 12 months or more have elapsed from the date of removal or placement, the conditions which led to the removal or placement of the child continue to exist and termination of parental rights would best serve the needs and welfare of the child.

\* \* \*

**(b) Other considerations.**—The court in terminating the rights of a parent shall give primary consideration to the developmental, physical and emotional needs and welfare of the child. The rights of a parent shall not be terminated solely on the basis of environmental factors such as inadequate housing, furnishings, income, clothing and medical care if found to be beyond the control of the parent. With respect to any petition filed pursuant to subsection (a)(1), (6) or (8), the court shall not consider any efforts by the parent to remedy the conditions described therein which are first initiated subsequent to the giving of notice of the filing of the petition.

23 Pa.C.S.A. § 2511(a)(1), (2), (5), (8), and (b). "Satisfaction of any one subsection of Section 2511(a), along with consideration of Section 2511(b), is sufficient for involuntary termination of parental rights." *In re K.Z.S.*, 946 A.2d 753, 758 (Pa.Super. 2008).

"Under [S]ection 2511, the trial court must engage in a bifurcated process." *In re I.J.*, 972 A.2d 5, 10 (Pa.Super. 2009).

> The initial focus is on the conduct of the parent. The party seeking termination must prove by clear and convincing evidence that the parent's conduct satisfies at least one of the nine statutory grounds delineated in section 2511(a). If the trial court determines that the parent's conduct warrants termination under section 2511(a), then it must engage in an analysis of the best interests of the child…under section 2511(b), taking into primary consideration the developmental, physical, and emotional needs of the child.
>
> \* \* \*
>
> [A] best interest of the child analysis under [section] 2511(b) requires consideration of intangibles such as love, comfort, security, and stability. To this end, this Court has indicated that the trial court must also discern the nature and status of the parent-child bond, paying close attention to the effect on the child of permanently severing the bond. Moreover, in performing a "best interests" analysis[, t]he court should also consider the importance of continuity of relationships to the child, because severing close parental ties is usually extremely painful. The court must consider whether a natural parental bond exists between child and parent, and whether termination would destroy an existing, necessary and beneficial relationship. Most importantly, adequate consideration must be given to the needs and welfare of the child.

*Id.* at 10-12 (internal citations and quotation marks omitted).

Section 2511 outlines certain irreducible minimum requirements of

care that parents must provide for their children and a parent who cannot or will not meet the requirements may properly be considered unfit and have her parental rights terminated. *In re B.L.L.*, 787 A.2d 1007 (Pa.Super. 2001).

> There is no simple or easy definition of parental duties. Parental duty is best understood in relation to the needs of a child. A child needs love, protection, guidance, and support. These needs, physical and emotional, cannot be met by a merely passive interest in the development of the child. Thus, this [C]ourt has held that the parental obligation is a positive duty which requires affirmative performance.
>
> This affirmative duty encompasses more than a financial obligation; it requires continuing interest in the child and a genuine effort to maintain communication and association with the child.
>
> Because a child needs more than a benefactor, parental duty requires that a parent exert [herself] to take and maintain a place of importance in the child's life.

Parental duty requires that the parent act affirmatively with good faith interest and effort, and not yield to every problem, in order to maintain the parent-child relationship to the best of …her ability, even in difficult circumstances. A parent must utilize all available resources to preserve the parental relationship, and must exercise reasonable firmness in resisting obstacles placed in the path of maintaining the parent-child relationship.

*In re B.,N.M.*, 856 A.2d 847, 855 (Pa.Super. 2004), *appeal denied*, 582 Pa. 718, 872 A.2d 1200 (2005) (internal citations omitted). Accordingly, "a parent's basic constitutional right to the custody and rearing of…her child is converted, upon the failure to fulfill…her parental duties, to the child's right

to have proper parenting and fulfillment of…his potential in a permanent, healthy, safe environment." *Id.* at 856.

"When conducting a bonding analysis, the court is not required to use expert testimony. Social workers and caseworkers can offer evaluations as well. Additionally, Section 2511(b) does not require a formal bonding evaluation." *In re Z.P.*, 994 A.2d 1108, 1121 (Pa.Super. 2010) (internal citations omitted). "In cases where there is no evidence of any bond between the parent and child, it is reasonable to infer that no bond exists. The extent of any bond analysis, therefore, necessarily depends on the circumstances of the particular case." *In re K.Z.S., supra* at 762-63. "Above all else[,] adequate consideration must be given to the needs and welfare of the child. A parent's own feelings of love and affection for a child, alone, do not prevent termination of parental rights." *In re Z.P., supra* at 1121.

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Vincent Furlong, we conclude Mother's issues merit no relief. The Family Court's Opinion comprehensively discusses and properly disposes of the questions presented. (*See* Family Court Opinion, filed May 5, 2017, at 3-6) (finding: Child has been in DHS' custody since 12/19/13, when court adjudicated him dependent; record shows Mother's ongoing unwillingness to provide parental care or control for Child and her failure to remedy conditions which brought

Child into DHS' care;[3] Community Umbrella Agency ("CUA") representative testified that Mother's Single Case Plan objectives were to obtain appropriate housing, engage in drug and alcohol treatment, participate in mental health treatment, and visit Child; Mother failed to complete these objectives; CUA representative explained Mother was unaware of and unable to address Child's medical needs;[4] CUA representative indicated that Child's foster parents are able and willing to meet Child's medical needs; CUA representative further testified that Child is not bonded with Mother and termination of Mother's parental rights would be in Child's best interests; court found CUA representative's testimony credible; DHS presented clear and convincing evidence for involuntary termination of Mother's parental rights under Section 2511(a)(1), (2), (5), (8), and (b)). Accordingly, we affirm on the basis of the Family Court's Opinion.

Order affirmed.

Judge Dubow did not participate in the consideration or decision of this case.

_____

[3] Child became known to DHS due to Mother's lack of appropriate housing and supervision, drug activity in the home, Mother's medical neglect of Child, and Mother's untreated mental health issues.

[4] Child suffers from Attention Deficit Hyperactivity Disorder, Obsessive Compulsive Disorder, and Reactive Attachment Disorder. The CUA representative testified that Child is more responsive to his foster mother and is more engaged in school in foster mother's care. Testimony during the termination hearing also revealed that Mother threatened to burn down foster mother's home.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 11/21/2017*

**THE FIRST JUDICIAL DISTRICT OF PENNSYLVANIA**
**PHILADELPHIA COUNTY COURT OF COMMON PLEAS**

| | | |
|---|---|---|
| IN THE INTEREST OF: | : | **FAMILY COURT DIVISION** |
| T.L.M., a Minor | : | **CP-51-AP-0000712-2015** |
| | : | **CP-51-DP-0002477-2013** |
| | : | **FID-51-FN-004690-2013** |
| | : | **1027 EDA 2017** |
| **APPEAL OF:** | : | |
| T·S., Mother | : | |

## OPINION

### PROCEDURAL HISTORY

On February 23, 2017 the Court held a hearing on the Petition to Terminate

the Parental Rights of the Appellant T.S. ("Mother"), the biological mother of

T.L.M. (the "Child"). Mother was not present at the hearing but was subpoenaed

and represented by counsel. After a full hearing, the Court found clear and

convincing evidence to involuntarily terminate the parental rights of Mother,

changing the Child's goal to adoption pursuant to 23 Pa.C.S.A. § 2511(a)(1)(2)(5)

and (8) and 23 Pa.C.S.A. § 2511(b).

### STATEMENT OF MATTERS COMPLAINED OF ON APPEAL

Mother's Statement of Matters Complained of on Appeal is set forth in its

entirety as follows:

1. The trial court committed reversible error when it involuntarily terminated Mother's parental rights where such determination was not supported by clear and convincing evidence under the the Adoption Act 23 Pa, C.S.A. §2511(a),(2),(5) and (8).

2. The trial court committed reversible error when it involunatarily terminated mother's parental rights without giving primary consideration to the effect that the termination would have on the developmental physical and emotional needs of the child as required by the Adoption Act 23 Pa. C.S.A. §2511(b).

**FINDINGS OF FACT**

On July 12, 2013, the Child and his siblings became known to the Department of Human Services ("DHS") from a General Protective Services Report ("GPS") report alleging that the Mother's home was inappropriate; that the gas service in the home was disrupted due to outstanding utility payments; that the home was known for drug activity; and the back door to the home was broken and hanging from the hinges. (Petition to Terminate the Parental Rights Statement of Facts RE TM Paragraph A). On December 19, 2013, the Honorable Jonathan Q. Irvine adjudicated Child dependent. (Petition to Terminate Parental Rights RE TM Paragraph EE). On August 7, 2014, the Community Umbrella Agency ("CUA") developed a Single Case Plan ("SCP"). The objective for Child was to return to his parent, guardian or custodian. The objectives identified for Mother included referral to the Clinical Evaluation Unit ("CEU") for a dual diagnosis assessment, random drug screens and that Mother visit the Child weekly. (Petition to Terminate Parental Rights RE TM Statement of Facts KK).

On March 6, 2015, the CUA revised the SCP for Mother. The objectives for Mother were to make final repairs to the home; to comply with random drug screens; to comply with mental health services; and to follow treatment recommendations. (Petition to Terminate Parental Rights RE TM Statement of Facts AAA). On May 21, 2015, the Clinical Evaluation Unit ("CEU") completed a Progress Report regarding Mother stating that she failed to attend a scheduled appointment to receive a drug and alcohol assessment on April 7, 2015 and that

Mother had no contact with the CEU. (Petition to Terminate Parental Rights RE TM Statement of Facts BBB). On or about October 2, 2015, DHS filed the underlying Petition to Terminate Mother's Parental Rights. On February 23, 2017, this Court terminated Mother's parental rights to Child pursuant to 23 Pa. C.S.A. § 2511(a)(1)(2)(5) and (8). The Court also ruled the termination of the Mother's parental rights was in the best interest of the Child pursuant to 23 Pa.C.S.A. § 2511(b). The Court ruled that the Child's goal be changed to adoption. Thereafter, Mother filed a Notice of Appeal on March 24, 2017.

## LEGAL ANALYSIS

In articulating the appellate standard of review of a termination of parental rights the Superior Court has stated:

We are bound by the findings of the trial court, which have adequate support in the record so long as the findings do not evidence a capricious disregard for competent and credible evidence. *In re Diaz*, 447 Pa. Super. 327, 669 A. 2d 372 (Pa. Super. 1995). Furthermore, we note that the trial court, as the finder of fact, is the sole determiner of the credibility of the witnesses and all conflicts in testimony are to be resolved by the finder of fact. In re B.G.S., 418 Pa. Super. 588, 614 A.2d 1161 (Pa. Super. 1992).
In re Adoption of A.C.H., 2002 Pa. Super 218, P4; 803 A.2d 224, 228 (2002)

When reviewing an appeal from a decree terminating parental rights, we are limited to determining whether the decision of the trial court is supported by competent evidence. *See In re K.C.W.*, 456 Pa. Super. 1, 689 A.2d 294, 298 (1997). Absent an abuse of discretion, an error of law, or insufficient evidentiary support for the trial court's decision, the decree must stand. *Id.* Where a trial court has granted a petition to involuntarily terminate parental rights, this Court must accord the hearing judge's decision the same deference that we would give a jury verdict. *See In re Child M.,* 452 Pa.Super. 230, 681 A.2d 793, 800 (1996). We must employ a broad, comprehensive review of the record in order to determine whether the trial court's decision is supported by competent evidence. *See In re Matsock*, 416 Pa. Super. 520, 611 A.2d 737, 742 (1992). *In re C.S.*, 2000 PA Super 318, 761 A. 2d 1197, 1199 (Pa. Super. 2000). It is clear that in a termination proceeding, the focus is on the conduct of the parents. *In the Interest of A.L.D.,* 2002 PA Super 104, 797 A. 2d 326 (Pa.Super.2002). *In the Interest of M.D., 449 Pa. Super. 507, 674A.2d 702 (Pa.Super.2002).*
*In the Matter of B.L.W.*, 2004 Pa. Super 30, P9; 843 A.2d 380, 383 (2004)

Child was adjudicated dependent on December 19, 2013. The record demonstrated Mother's ongoing unwillingness to provide care or parental control for the Child. Mother failed to perform any parental duties and failed to remedy the conditions that brought the Child into care. The Court found clear and convincing evidence that termination of Mother's parental rights would be in the best interest of the Child pursuant to 23 Pa. C.S.A. §§2511(a)(1),(2),(5) and (8)[1] and 23 Pa.C.S.A. § 2511(b)[2].

At the Termination of Parental Rights Hearing, the CUA Representative testified that Mother's SCP objectives were to obtain appropriate housing, to engage in drug and

---

[1] (a) General rule.--The rights of a parent in regard to a child may be terminated after a petition filed on any of the following grounds:

(1) The parent by conduct continuing for a period of at least six months immediately preceding the filing of the petition either has evidenced a settled purpose of relinquishing parental claim to a child or has refused or failed to perform parental duties.

(2) The repeated and continued incapacity, abuse, neglect or refusal of the parent has caused the child to be without essential parental care, control or subsistence necessary for his physical or mental well-being and the conditions and causes of the incapacity, abuse, neglect or refusal cannot or will not be remedied by the parent.

(5) The child has been removed from the care of the parent by the court or under a voluntary agreement with an agency for a period of at least six months, the conditions which led to the removal or placement of the child continue to exist, the parent cannot or will not remedy those conditions within a reasonable period of time, the services or assistance reasonably available to the parent are not likely to remedy the conditions which led to the removal or placement of the child within a reasonable period of time and termination of the parental rights would best serve the needs and welfare of the child.

(8) The child has been removed from the care of the parent by the court or under a voluntary agreement with an agency, 12 months or more have elapsed from the date of removal or placement, the conditions which led to the removal or placement of the child continue to exist and termination of parental rights would best serve the needs and welfare of the child.

[2] (b) Other considerations.--The court in terminating the rights of a parent shall give primary consideration to the developmental, physical and emotional needs and welfare of the child. The rights of a parent shall not be terminated solely on the basis of environmental factors such as inadequate housing, furnishings, income, clothing and medical care if found to be beyond the control of the parent. With respect to any petition filed pursuant to subsection (a)(1), (6) or (8), the court shall not consider any efforts by the parent to remedy the conditions described therein which are first initiated subsequent to the giving of notice of the filing of the petition.

alcohol treatment, to participate in mental treatment and to visit the Child (N.T. February 23, 2017 Page 10). The CUA Representative testified that Mother had failed to take part in mental health treatment, that she had been discharged from the program at the Achieving Reunification Center ("ARC") due to non-participation (N.T. January 19, 2017 Page 11). The CUA Representative's testimony also indicated that Mother had not met Child's medical needs and was unaware of the Child's medical condition. (N.T. February 23, 2017 Page 12, 13 and Page 17). The CUA Representative testified that the Child's foster parents were able to meet Child's needs. (N.T. February 23, 2017 Page 14). The CUA Representative further testified that it would be in Child's best interest to be adopted and that termination of Mother's parental rights would not harm Child since Mother was not bonded with the Child (N.T. February 23, 2017 Page 14).

This Court found the testimony of the CUA Representative to be credible and accorded it great weight. Based upon this testimony and the documents in evidence, this Court found clear and convincing evidence to terminate Mother's parental rights pursuant to 23 Pa.C.S.A. §§ 2511(a)(1)(2)(5) and (8) as Mother failed to remedy the conditions that brought the Child into care. The Court further concluded that the termination of the Mother's parental rights would be in the best interest of Child pursuant to 23 Pa.C.S.A. § 2511(b).

## CONCLUSION

This Court, after review of the evidence and the testimony presented during the Termination Hearing on February 23, 2017, finds clear and convincing evidence to terminate Mother's parental rights pursuant to 23 Pa. C.S. 2511(a)(1)(2)(5) and (8). This Court further finds pursuant to 23 Pa. C.S. 2511(b), termination of the Mother's parental rights would not have a detrimental effect on Child and would be in Child's best interest. For the foregoing reasons, this Court respectfully requests that the February 23, 2017 Order terminating Mother's parental rights to the Child be **AFFIRMED.**

Date: 5-5-17

**BY THE COURT,**

_____
Vincent Furlong, J.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above-captioned Opinion was filed on the undersigned date in the Court of Common Pleas of Philadelphia County Family Court Division and served by first class mail upon the following:

Megan Mirtenbaum, Esquire
Philadelphia Law Department
One Parkway
1515 Arch Street-16th Floor
Philadelphia, PA 19102
Attorney for DHS

Frank Cervone, Esquire
1617 JFK Blvd Suite 1200
Philadelphia, PA 19103

Gary S. Server, Esquire
4843 Rising Sun Avenue
Philadelphia, PA 19120

Aaron A. Mixon, Esquire
100 South Street
Suite 1518
Philadelphia, PA 19110

Date: 5-5-17

_____
Vincent Furlong, J.